Filed 5/21/25  P. v. Ricketts CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JON PIERRE DANDRAUX RICKETTS,<br><br>    Defendant and Appellant. | E083504<br><br>(Super.Ct.No. RIF103852)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Gary Polk, Judge.

Affirmed.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Jon Pierre Dandraux Ricketts appeals from the trial court's order summarily denying his petition for resentencing pursuant to Penal Code[1] section 1172.6 (formerly § 1170.95[2]).  For the reasons set forth *post*, we affirm the court's order.

## BACKGROUND

A jury convicted defendant of attempted murder (§§ 664, 187, subd. (a); count 1), which the jury found was willful, deliberate, and premeditated.  The jury also convicted defendant of assault with a semiautomatic firearm (§ 245, subd. (b); count 2), discharge of a firearm from a motor vehicle (§ 12034, subd. (c); count 3), and prohibited possession of a firearm by a felon (§ 12021, subd. (a); count 4).  The jury's verdict included true findings for firearm enhancements on the first three counts (§§ 12022.5, subd. (a), 12022.53, subds. (d) & (e)(1)) and a gang benefit enhancement on all four counts.  In defendant's direct appeal, this court reversed a jury finding that race was a substantial motivating factor as to several counts, but affirmed the judgment in all other respects, remanding for resentencing.  (*People v. Ricketts* (Jan. 14, 2009, E040370) [nonpub. opn.].)  On remand, defendant was sentenced to 40 years to life in prison, consecutive to a determinate term of 24 years eight months.

In March 2024, the trial court heard defendant's petition under section 1172.6 to vacate his attempted murder conviction and resentence him on the remaining counts.  The

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

[2]  Section 1170.95 was renumbered as section 1172.6 without change to the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).

2

court denied the petition at the prima facie review stage, finding an evidentiary hearing unnecessary because "the record of conviction conclusively establishes as a matter of law that petitioner is not entitled to relief." The court explained the record showed as to the attempted murder charge "no theory under which the jury could have found [defendant] guilty based on imputed malice." The court found that an instruction regarding count 2 authorized the jury to find defendant guilty of that count, assault with a firearm, based on "the natural and probable consequences of committing attempted murder but not the other way around." Instead, as to the attempted murder count, the instructions required that defendant acted with intent to kill—whether as the direct perpetrator or as a direct aider and abettor. On that basis, the court found the record established that no "theory of imputed malice" contributed to defendant's conviction for attempted murder.

### DISCUSSION

Defendant disputes the trial court's conclusion the jury was not instructed on the natural and probable consequences doctrine as to the attempted murder count, relying on general language in the jury instruction packet. He asserts reversal is therefore required and remand for further proceedings on whether he may be entitled to relief under section 1172.6. We are not persuaded.

Our review of a trial court's decision on a section 1172.6 resentencing petition at the prima facie stage is de novo. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 13.)

The petition process requires the defendant to make a prima facie showing that all requirements for eligibility are met. (See § 1172.6, subd. (b)(1)(A); *People v. Lewis* (2021) 11 Cal.5th 952, 960, 971 (*Lewis*).) One of those requirements, as now

codified in section 1172.6, subdivision (a)(3), is that the defendant "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189" made by Senate Bill No. 1437 (2017-2018 Reg. Sess.).  That enactment, as relevant here, eliminated the natural and probable consequences doctrine as a valid theory on which to base conviction for murder or attempted murder.  The amendment's stated purpose was to "ensure that murder [or attempted murder] liability is not imposed on a person who is not the actual killer *[or] did not act with the intent to kill*."  (*Lewis*, at p. 957, italics added.) "It is well settled that [Senate Bill No. 1437] 'd[id] not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought.' " (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1252.)

If, as here, a petition for resentencing under section 1172.6 is properly pleaded, the trial court conducts a prima facie analysis of the petitioner's eligibility for resentencing. (§ 1172.6, subd. (c).)

The "trial court can rely on the record of conviction in determining whether [a] prima facie showing is made." (*Lewis*, *supra*, 11 Cal.5th at p. 970.)  A prima facie showing is not made if the record of conviction demonstrates the petitioner is ineligible for relief as a matter of law. (*People v. Lopez*, *supra*, 78 Cal.App.5th at p. 14.)  For example, if the jury instructions show that jurors were not instructed on any theory of liability affected by amendments to the law of murder, or if the record of conviction otherwise shows the conviction was based on a theory of liability that remains valid, the trial court may deny the petition at the prima facie stage. (*People v. Allen* (2023) 97 Cal.App.5th 389, 395.)  As to attempted murder, denial of the defendant's petition at the

4

prima facie stage is proper if the record "affirmatively demonstrates the jury did not rely on the natural and probable consequences doctrine." (*People v. Lovejoy* (2024) 101 Cal.App.5th 860, 865.)

That is the case here. The trial court's instructions did not authorize or permit the jury to consider the natural and probable consequences doctrine as to attempted murder charged in count 1, but only as to count 2, assault with a deadly weapon. As the trial court correctly explained, the instructions allowed the jury to rely on the natural and probable consequences doctrine to find defendant guilty of the assault charge only *if* the jury found defendant committed attempted murder as an aider and abettor—not the other way around. That is, the instructions gave no suggestion that aiding and abetting assault as a target offense was sufficient to convict defendant of aiding and abetting attempted murder.

Specifically, CALJIC No. 3.02, as given to the jury, provided in relevant part: "In order to find the defendant guilty of the crime of 245(b) PC as charged in Counts [sic] 02, you must be satisfied beyond a reasonable doubt that: [¶] 1. The crime of attempted 187 PC was committed; [¶] 2. That the defendant aided and abetted that crime; [¶] 3. That a co-principal in that crime committed the crime of attempted 187 PC; and [¶] 4. The crime of 245(b) PC was a natural and probable consequence of the commission of the crime of attempted 187 PC."

Defendant bases his argument for reversal on the preamble to CALJIC No. 3.02. The instruction's initial paragraph stated, in introducing the natural and probable consequences doctrine, that: "One who aids and abets another in the commission of a

5

crime is not only guilty of that crime, but is also guilty of any other crime committed by a principal which is a natural and probable consequence of the crime originally aided and abetted."

Defendant posits that this "generic language . . . could have been applied to the attempted murder charge." We disagree.

The "reasonable likelihood test applies when analyzing whether jury instructions render a petitioner eligible for relief at [the] prima facie stage of [a] section 1172.6 proceeding." (*People v. Allen* (2023) 97 Cal.App.5th 389, 397.) We must presume "jurors understand and follow the instructions they are given." (*People v. Buenrostro* (2018) 6 Cal.5th 367, 431.)

Defendant's interpretation of the instruction to permit the jury to apply the natural and probable consequences doctrine to find him guilty of attempted murder is not plausible. In a further paragraph, CALJIC No. 3.02 specified: "You are not required to unanimously agree as to *which* originally contemplated crime the defendant aided and abetted, *so long as* you are satisfied beyond a reasonable doubt and unanimously agree that the defendant aided and abetted the commission *of an identified and defined target crime* and that *the 245(b) PC was a natural and probable consequence of* the commission of *that* target crime." (Italics added.) The only target crime identified anywhere in the instructions as a basis for conviction of another crime was in the preceding CALJIC No. 3.02 paragraph, which, as noted, identified attempted murder as a target crime for assault, but not vice versa.

We presume the jury understood and adhered to this one-way application of the natural and probable consequences doctrine.  With the doctrine thus expressly limited to the assault charge and not applicable to any other crime, the trial court correctly concluded that the record refuted defendant's claim in his petition that his attempted murder conviction was based on imputed malice.  The court therefore properly denied the petition.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 resentencing petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER                                    
                                                                    J.


We concur:

RAMIREZ                          
                              P. J.


MENETREZ                          
                              J.